IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 13 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00529-BNB

DONALD TURNER,

    Plaintiff,

v.

JOHN O'BRIEN, individually,
KERR BROSSEAU BARLETT O'BRIEN LLC,
PEOPLES CREDIT UNION,
GARTH NIESCHBURG, individually,
TOM MORROW, individually,
DENNIS P. FRIEDRICH, individually,
M[.] JON KOLOMITZ, individually,
DEANN BILLINGS, individually,
BRANDON GROGAN, individually,
BOB WALLACE, individually,
HERB BROWN, individually,
DENNIS JORDAN, individually,
LINDA LUSK, individually,
STEVE SALZBREENNER, individually,
DAN MCVEY, individually,
1 TO 10 JOHN AND JANE DOES,
THE UNITED STATES OF AMERICA, and
THE STATE OF COLORADO,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Donald Turner, filed *pro se* a complaint pursuant to 28 U.S.C. § 1331 for money damages and the return of his auctioned property. He asserts "Admiralty or Maritime Jurisdiction." Complaint at 3. He has paid the $350.00 filing fee. The Court must construe the complaint liberally because Mr. Turner is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Turner will be ordered to filed an amended complaint.

Mr. Turner is suing a law firm, credit union, judges, court-appointed receiver, sheriff, auctioneer, and private individuals affiliated with the Peoples Credit Union. Each defendant apparently was involved in legal proceedings resulting in the July 26, 2007, public auction sale of his vehicle, a 1979 Ford F350 service pick-up truck. He also is suing Jane and John Does, the United States, and the State of Colorado. Mr. Turner may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Turner uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. He fails to do so. He also fails to assert any claims against the United States or the State of Colorado, and merely names each as a defendant "for the sole purpose to state any claim it might have in this special matter." Complaint at 3.

The complaint in its present form does not allege sufficient facts to permit a finding of federal jurisdiction. Title 28 U.S.C. § 1331 grants district courts broad subject matter jurisdiction to hear all civil actions arising under the United States Constitution, laws or treaties. *See id.* Federal question jurisdiction under § 1331 depends upon a right of action under some federal law. "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question

of federal law." ***Nicodemus v. Union Pacific Corp.***, 440 F.3d 1227, 1232 (10th Cir. 2006) (citations and internal quotation marks omitted). Mr. Turner's complaint is not well pleaded. None of the alleged facts support Mr. Turner's assertion of admiralty or maritime jurisdiction.

The amended complaint Mr. Turner will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Turner's complaint also is prolix and vague. Mr. Turner apparently expects the Court to figure out who is being sued for what and how his federal constitutional

3

rights have been violated. That is not the Court's job. It is Mr. Turner's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Turner must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Turner should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Turner file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Turner, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

4

FURTHER ORDERED that, if Mr. Turner fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 13, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00529-BNB

Donald Turner
1211 S. Main
Lomar, CO 81052

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 5/13/08

                            GREGORY C. LANGHAM, CLERK

By: _____Angie_____
            Deputy Clerk