IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00529-BNB

DONALD TURNER,

    Plaintiff,

v.

JOHN O'BRIEN, individually,
KERR BROSSEAU BARLETT O'BRIEN LLC,
PEOPLES CREDIT UNION,
GARTH NIESCHBURG, individually,
TOM MORROW, individually,
DENNIS P. FRIEDRICH, individually,
M[.] JON KOLOMITZ, individually,
DEANN BILLINGS, individually,
BRANDON GROGAN, individually,
BOB WALLACE, individually,
HERB BROWN, individually,
DENNIS JORDAN, individually,
LINDA LUSK, individually,
STEVE SALZBREENNER, individually,
DAN MCVEY, individually,
BRENT MORRIS, individually,
LARRY C[.] PORTER, individually,
GARTH M[.] DAVIDSON, individually,
THE UNITED STATES OF AMERICA, and
THE STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

    Plaintiff, Donald Turner, filed *pro se* a complaint pursuant to 28 U.S.C. § 1331 for money damages and the return of his auctioned property. He asserted "Admiralty or Maritime Jurisdiction." Complaint at 3. He also filed a supporting brief. He paid the $350.00 filing fee.

On May 13, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Turner within thirty days to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 23, 2008, Mr. Turner filed an amendment to the complaint adding three Defendants. On June 11, 2008, he filed an amended complaint based upon federal-question jurisdiction, 28 U.S.C. § 1331, and 28 U.S.C. § 1333, which grants federal district courts "original jurisdiction, exclusive of the courts of the States" over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

The Court must construe the amended complaint liberally because Mr. Turner is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Mr. Turner is suing a private attorney, law firm, credit union, state judges, court-appointed receiver, sheriff, auctioneer, district attorneys, and employees of and board members for the Peoples Credit Union. He maintains that each Defendant "either directly or indirectly participated in the taking of possession" of his vehicle, a 1979 Ford F350 service pick-up truck sold at public auction on July 26, 2007. Amended complaint at 7. He also is suing the United States and the State of Colorado, although he fails to assert any claims against these Defendants and merely names each as a party "for the sole purpose to state any claim it might have in this special matter." Amended complaint at 5.

In the May 13, 2008, order for an amended complaint, Magistrate Judge Boland informed Mr. Turner that the complaint, in its present form, did not allege sufficient facts to permit a finding of federal jurisdiction. He noted that 28 U.S.C. § 1331 grants district courts broad subject matter jurisdiction to hear all civil actions arising under the United States Constitution, laws or treaties. *See id.* He pointed out that federal question jurisdiction under § 1331 depends upon a right of action under some federal law. "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (citations and internal quotation marks omitted).

Mr. Turner's amended complaint is not well pleaded. None of the alleged facts in the amended complaint bear a connection with admiralty or maritime activity or support Mr. Turner's assertion of admiralty or maritime jurisdiction, despite his attempt to invoke the "saving-to-suitors" clause of 28 U.S.C. § 1333 to justify bringing this action in federal court. "Section 1333's 'saving-to-suitors clause' preserves a maritime suitor's election to pursue common-law remedies in state court." *Servis v. Hiller Systems, Inc.*, 54 F.3d 203, 206 (4th Cir. 1995).

Mr. Turner has failed to use the complaint form the Court mailed to him and asked him to use. As a result, he fails to assert clear claims for relief together with supporting factual allegations. In fact, he fails to assert any claims. Instead, his allegations against Defendants are amortized over his description of the alleged role

3

each Defendant played in the public-auction sale of his vehicle, thus foisting on to the Court and Defendants Plaintiff's responsibility to organize his claims and supporting allegations into a manageable format. It is not clear whether Mr. Turner fails to ask for relief or whether the relief he seeks is for this Court to compel Defendants answer three questions he poses concerning federal laws regulating banks and banking.

In the May 13, 2008, order for an amended complaint, Magistrate Judge Boland informed Mr. Turner that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). He further informed Mr. Turner that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He specifically noted that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He explained that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He pointed out that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. He further pointed out that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Turner's amended complaint, like the complaint he originally filed, is prolix and vague. He has failed to assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 16 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00529-BNB

Donald Turner
1211 S. Main
Lamar, CO 81052

Tom Morrow
8 Cambridge Court
Brush, CO 80723

Melody Mirbaba
Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Anthony Melonakis
Attorney at Law
**DELIVERED ELECTRONICALLY**

Ellis Jay Mayer
Attorney at Law
**DELIVERED ELECTRONICALLY**

Kurt A. Horton
Attorney at Law
**DELIVERED ELECTRONICALLY**

Dana L. Eismeier
Attorney at Law
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/17/08

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk