IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00529-ZLW

DONALD TURNER,

    Plaintiff,

v.

JOHN O'BRIEN, individually,
KERR BROSSEAU BARLETT O'BRIEN LLC,
PEOPLES CREDIT UNION,
GARTH NIESCHBURG, individually,
TOM MORROW, individually,
DENNIS P. FRIEDRICH, individually,
M[.] JON KOLOMITZ, individually,
DEANN BILLINGS, individually,
BRANDON GROGAN, individually,
BOB WALLACE, individually,
HERB BROWN, individually,
DENNIS JORDAN, individually,
LINDA LUSK, individually,
STEVE SALZBREENNER, individually,
DAN MCVEY, individually,
1 TO 10 JOHN AND JANE DOES,
THE UNITED STATES OF AMERICA, and
THE STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2008

GREGORY C. LANGHAM
                CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Donald Turner, filed *pro se* on August 20, 2008, a motion titled "Motion to Reconsider Dismissal by Amending Complaint" in which he asks the Court to reconsider and vacate the Order of Dismissal and Judgment filed in this action on July 17, 2008. The Court must construe the motion to reconsider liberally because Mr. Turner is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Mr. Turner' motion to reconsider in this action, which was filed more than ten days after the Order of Dismissal and Judgment, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the complaint and this action without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Turner fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Reconsider Dismissal by Amending Complaint" that Plaintiff, Donald Turner, filed *pro se* on August 20, 2008, and which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is denied.

DATED at Denver, Colorado, this 28 day of Aug, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00529-BNB

Donald Turner
1211 S. Main
Lamar, CO 81052

Tom Morrow
8 Cambridge Court
Brush, CO 80723

Melody Mirbaba
Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Anthony Melonakis
Attorney at Law
**DELIVERED ELECTRONICALLY**

Ellis Jay Mayer
Attorney at Law
**DELIVERED ELECTRONICALLY**

Kurt A. Horton
Attorney at Law
**DELIVERED ELECTRONICALLY**

Dana L. Eismeier
Attorney at Law
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/28/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk